**Sheldon PORTMAN and Marion G. Portman, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 81–4433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1982.

Decided Aug. 13, 1982.

Sheldon Portman, San Jose, Cal., for plaintiffs-appellants.

Libero Marinelli, Jr., Washington, D. C., argued, for the U. S.; Richard Farber, Washington, D. C., on brief.

Before SWYGERT,* Senior Circuit Judge, KENNEDY and ALARCON, Circuit Judges.

SWYGERT, Senior Circuit Judge.

Plaintiffs-taxpayers, Sheldon and Marion Portman, brought this suit for a tax refund after the Internal Revenue Service disallowed their deduction for a "casualty" loss under section 165(c)(3)[1] of the Internal Revenue Code. In December 1973, the taxpayers bought a new home in San Jose, California. Soon after moving into the house, the structure began settling causing extensive damage. The damage included the cracking of the foundation, cracking of interior and exterior walls, and settling of walks and landscaping in front of their home. This was caused by densification of the soil under the house which in turn was the product of water saturation of the soil. The only issue on this appeal is whether the Portmans sustained a casualty loss within

---

* The Honorable Luther M. Swygert, United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

1. 26 U.S.C. § 165(c) reads in pertinent part:
   *Limitation on losses of individuals.*—In the case of an individual, the deduction under subsection (a) shall be limited to—
   *   *   *   *   *   *
   (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return.

the meaning of section 165(c)(3). This section allows deductions for loss of nonbusiness property arising from "fire, storm, shipwreck, or other casualty." "[O]ther casualty" was defined by this court in *United States v. Rogers*, 120 F.2d 244, 246 (9th Cir. 1941):

> There being no contrary intention shown, we must take the word "casualty" as including all the ordinary and accepted meanings. Webster's New Int. Dict., 2d Ed., p. 419, defines "casualty" in part as follows:
>
> > 1. Chance; accident; contingency; also, that which comes without design or without being foreseen; an accident * * *
> >
> > 2. An unfortunate occurrence; a mischance; a mishap; a serious or fatal accident; a disaster * * *
>
> It can be seen that "casualty" may properly be used in the sense of "accident." The latter word is defined by the same source as "An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event." Showing that casualty may have the sense of suddenness is the definition in 1 Bouv. Law Dict., Rawle's 3d Rev., p. 430, as follows: "Inevitable accident. Unforeseen circumstances not to be guarded against by human agency, and in which man takes no part."

The Portmans contend that unusually heavy rains for the period October 1973 to February 1974 was an unforeseen occurrence or "casualty" which caused the damages. The rainfall for this period was:

| October | 1973 | 2.22″ | 296% above normal |
| November | 1973 | 2.79″ | 165% above normal |
| December | 1973 | 2.67″ | 1.9% above normal |
| January | 1974 | 2.51″ | less than normal |
| February | 1974 | .81″ | less than normal |

The 5.01 inches of rainfall during the months of October and November 1973 was considerably above the normal for that period, but the rainfall for the following three months was about or below normal. It is apparent that the normally heavy winter rains arrived earlier than usual.[2] A loss produced by the ordinary[3] operation of the elements on a poorly constructed[4] house does not qualify for a casualty loss. There was no unforeseeable occurrence which would justify a contrary result.

The decision of the district court is affirmed.

---

2. The Portmans point out that the rainfall for 1973 was 66% above normal. We do not believe that this in itself can be said to be beyond the range of foreseeable weather conditions. We are not dealing with a situation where an extraordinary amount of rain fell in a relatively short period. As is shown from the chart, it was not unusual for five or more inches of rain to fall within a two-month period. It may have been unusual for ten inches of rain to fall within a four-month period, but we do not believe that this is so extraordinary that it rises to the level of unforeseeable.

3. We use the word "ordinary" in this case to mean foreseeable. Weather conditions vary from year to year and variances from averages such as those present in this case do not rise to the level of a "casualty," especially where relatively heavy rains are normal for at least a part of the year.

4. An engineering specialist in geotechnical problems, who examined the Portmans' residence, stated that the pier supports of the home rested on loose granular soils and the drainage plan for the residence allowed water to flow into the pier-supporting soil.